NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-0011-RRB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **GOVERNMENT'S SENTENCING** |
| ) | **MEMORANDUM** |
| FRANK TALAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

    COMES NOW the United States of America, by and through counsel, and moves this court to accept its late filed sentencing memoranda in this case.

I.     **Guideline Calculation**

Defendant has raised two objections to the guideline calculations in the presentence report that both derive from the same principle of double counting. The issues of whether §3A1.1(b)(1) – vulnerable victim – and §3B1.3 -- abuse of a position of trust -- apply in this context is certainly a close one.  Under application note 2, it appears that the presentence officer is correct in that the vulnerable victim issue is not part of the guideline.  Similarly, the abuse of a position of trust issue is not a part of the applicable guideline. On the other hand in both instances, the enhancements are part and parcel of the crime, which itself does not have a specific guideline application. The government does agree with the defense that a person cannot breach their duty as a fiduciary of veteran's funds without abusing a position of public trust.

The courts have held that impermissible double counting occurs "where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been accounted for by another part of the Guidelines." United States v. Kubick, 205 F.3d 1117, 1125 (9th Cir. 1999).  That is not really the issue here. It is the statute that includes the Guideline enhancements as part of the elements.   In order to resolve this close question, and in light of the application of the §3553(a) factors, the government is willing to accept the lower Guideline calculation of level 18, without the enhancements, as the government

believes that a sentence within the then applicable Guideline range of 21-27 months is sufficient to meet the sentencing goals of §3553(a).

II.    **Restitution**

While the PSR correctly calculates the amount of monies taken from Mr. Mitchell's assets, the government believes that the court should take a slightly different approach to restitution in this unique circumstance. The unique circumstance here is that Mr. Talas, if required to repay Mr. Mitchell's assets, would by in the odd position of paying money into an estate in which Ms. Talas is most likely the primary beneficiary. For this reason, the government see restitution slightly differently in this case. As the government discussed with defendants and the probation office, the government believes that restitution should be paid to the Chugiak Senior Center for any monies owing for Mr. Mitchell's care that have not been fully paid, and any monies expended by the State of Alaska for Mr. Mitchell. In addition the government would seek transfer of the value or title of the property bought by the Talas' with Mr. Mitchell's money back to the estate for his upkeep. At this time, the government has not obtained the figures from either the Chugiak Senior Center or the State of Alaska. The government will attempt to contact those organizations before the sentencing and will provide the information immediately to the parties and the court if they are available.

The government has no further objections to the PSR.

**III.   Recommendation**

With regard to the §3553(a) factors, the government believes a significant sentence is necessary to emphasize the special obligation that someone undertakes when they agree to become a fiduciary for someone who cannot take care of themself.  Having taken that oath to protect someone, it is a major breach of that obligation to then take the monies designed to make sure that the beneficiary is kept in the highest standard of care to which their career and lifetime earnings have entitled them.  In addition, the purpose of this program is to ensure that someone who becomes unable to care for their own affairs is taken care of. As a result of this offense, Mr. Mitchell was forced to be moved to a different facility when, despite, plenty of resource, his bills remained unpaid.

On the other hand, the government believes that this was a crime of circumstance rather than deep planning.  It appears that Mr. Talas, simply had no ability to handle money. It is unlikely that Mr. Talas will  reoffend..  Therefore, the government will recommend that Mr. Talas be sentenced within the adjusted Guideline range of 21 - 27 months.  Further, the government will recommend that he be required to obtain financial counseling as a special condition of supervised release.

RESPECTFULLY submitted this 25th day of September, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Karen Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2006
a copy of the foregoing was served electronically on

Michael Dieni

s/ Karen Loeffler