PROB 12C (7/93)

# United States District Court
## for the
## District of Alaska

RECEIVED JAN 17 2008 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

**Petition for Warrant or Summons for Offender Under Supervised Release**

| | |
|---|---|
| Name of Offender: Frank R. Talas, Jr. | Case Number: 3:06-cr-00011-01 RRB |

Sentencing Judicial Officer:    Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:    September 27, 2006

Original Offense:    Misappropriation of Funds by Fiduciary

Original Sentence:    6 months imprisonment, 3 years supervised release, $185,000 restitution

Date Supervision Commenced:    April 16, 2007

Asst. U.S. Attorney: Karen Loeffler           Defense Attorney: Michael Dieni

---

## PETITIONING THE COURT

[ ]    To issue a warrant
[X]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of April 2007. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of May 2007. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of June 2007. This violation is a Grade C violation. |

| | |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of July 2007. This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of August 2007. This violation is a Grade C violation. |
| 6 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of October 2007. This violation is a Grade C violation. |
| 7 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of November 2007. This violation is a Grade C violation. |
| 8 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of December 2007. This violation is a Grade C violation. |
| 9 | The defendant has violated the Mandatory Condition of Supervision "If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment," in that the offender has not made a monthly restitution payment for the month of November 2007. This violation is a Grade C violation. |
| 10 | The defendant has violated the Mandatory Condition of Supervision "If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment," in that the offender has not made a monthly restitution payment for the month of December 2007. This violation is a Grade C violation. |
| 11 | The defendant has violated the Standard Condition of Supervision 5, "The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons," in that since August 2007, the offender has not obtained employment. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender        :   Frank R. Talas, Jr.*
*Case Number             :   3:06-cr-00011-01 RRB*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [ ]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ X ]    The conditions of supervised release should be modified as follows:

At the direction of the probation officer, the offender shall reside at the Residential Reentry Center (RRC) for a period of 180 days and shall comply with the rules and regulations of the center. The offender shall be eligible for release for work, mental health treatment, and other activities if pre-approved by the probation officer.

                                                          Respectfully submitted,

                                                          **REDACTED**
                                                      Eric D. Odegard
                                                      U.S. Probation/Pretrial Services Officer
                                                      Date: January 17, 2008

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ✓ ]    *The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender      :      Frank R. Talas, Jr.*
*Case Number           :      3:06-cr-00011-01 RRB*

**REDACTED SIGNATURE**

_____
Ralph R. Beistline
U.S. District Court Judge

1/17/08
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 3:06-cr-00011-01 RRB |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Frank Talas ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Frank Talas, and in that capacity declare as follows:

On September 27, 2006, the Court sentenced the offender to 6 months imprisonment and 36 months supervised release following his conviction for Misappropriation of Funds by Fiduciary. The Court also imposed restitution in the amount of $185,000.

On April 16, 2007, the term of supervised release commenced. The defendant met with US Probation Officer Mader, who covered the conditions of supervision and had the offender sign a copy of his judgment indicating that he understood his conditions. Among those conditions are the standard conditions that the offender file a complete and truthful report each month between the first and fifth of the month and that the offender maintain lawful employment unless excused by the probation officer. The court also imposed a condition that the offender pay restitution monthly at the rate of 10% of his/her gross monthly income or not less than $25 per month.

In August 2007, the offender's case was reassigned to US Probation Officer Odegard. On August 13, 2007, the offender met Officer Odegard in the probation office and again reviewed the conditions of supervised release. Officer Odegard instructed him to submit a monthly supervision report for July 2007. At that time the offender was employed at Simmons RV Center and signed an allotment of pay form to pay restitution. The offender's previous inability to responsibly budget his money was the reason for the allotment rather than having the offender be responsible for making his own monthly payments. On August 15, 2007, the offender was visited at his home and advised that he had been fired from his job at Simmons RV and that the allotment was moot. The offender was informed that he was to obtain work as soon as possible and that he owed a minimum payment of $25 per month for restitution if not working.

On August 28, 2007, the offender was contacted by telephone and asked about his job prospects. He advised that he had been looking for work and had an appointment at the job service the next day.

On September 12, 2007, the offender was contacted by telephone and advised that he hadn't sent his monthly report for July, August, or September yet and he was to do so. The offender was also informed that he hadn't made his $25 restitution either and was to do it immediately. The offender stated that he hadn't found work yet and was still looking although he was also exploring the possibility of retraining through the Department of Vocational Rehabilitation (DVR) due to a 20% disability suffered in the military.

On October 9, 2007, the offender left a voice mail message for the probation officer indicating that he would be in the office the following Friday and would drop off his delinquent monthly reports and restitution payments for he and his wife.

On October 16, 2007, the offender reported to the office with a monthly report for September 2007 and a $25 restitution payment. The offender was advised that he owed "back" reports since he had been on supervision since April and was instructed to complete reports for April, May, June, July, August and was instructed to never again miss a restitution payment. The offender reported feeling depressed and agreed to voluntarily modify his conditions to add a condition for mental health treatment. The offender was instructed to contact the probation officer by October 26, 2007 and to provide an update on the status of his employment, his monthly reports, and his mobile home, as the property had been seized for non-payment of property taxes and auctioned by the municipality of Anchorage.

On October 26, 2007, the offender was called at home and advised that he had set up a mental health assessment for November 1, 2007. On November 1, 2007, the officer received a call from the mental health therapist, who indicated that the offender was depressed and one individual session for six months was recommended.

On November 8, 2007, the offender was met at his residence. The offender was given several blank monthly reports and instructed to complete them as soon as possible. The offender was also given several payment coupons and instructed to make his payment for October and November as appropriate. The offender and his wife were given information for a class at Debt Reduction Services to assist them in budgeting, as their monthly reports for September showed over $120 in just non-sufficient funds charges. They were encouraged to attend as the cost of the class ($75) was much less than the non-sufficient funds charges they were incurring each month.

On November 15, 2007, the offender was contacted at home and the therapist's assessment was discussed. The offender claimed that he was still "looking for work."

On December 3, 2007, the offender reported to the office for a visit and was instructed to immediately submit his delinquent monthly reports (which now consisted of April, May, June, July, August, October, and November 2007). The offender was also instructed to make a

restitution payment. The offender was instructed to obtain any kind of work that he could as soon as possible rather than sitting at home and collecting unemployment.

On December 11, 2007, the offender was sent an official notice regarding his missed monthly reports and missed restitution payments.

On December 26, 2007, the offender was sent a letter scheduling an office appointment for him on January 4, 2008 at 9 am.

On January 4, 2008, the offender called the probation officer and advised that he couldn't make his appointment due to car trouble. The offender's appointment was re-scheduled for January 7, 2008.

On January 7, 2008, the offender called and said that his car trouble was continuing and he again couldn't make his appointment. The offender was again instructed to prepare and submit all of his delinquent monthly reports. On January 16, 2008, a voice mail message was left for the subject to contact the probation officer regarding his missed appointments. After a through review of the file and the probation officer's attempts to get the offender to file his monthly supervision reports and to make his restitution payments, including referring the offender to a mental health counselor, the probation officer concluded that absent the intervention of the court, the offender will simply not comply with the basic conditions of supervision or find a job.

Executed this 17th day of January 2008, at Anchorage, Alaska, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED

Eric Odegard
U.S. Probation Officer